USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 21, 2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
                                 :

UNITED STATES OF AMERICA          :

                                 :     (S1) 09 Cr. 0662 (PAC)

     - against -              :

                                 :     ORDER

ROSS MANDELL & ADAM HARRINGTON,   :

                                 :

                Defendants.     :
--------------------------------------------------------------x

HONORABLE PAUL A. CROTTY, United States District Judge:

       Defendant Ross Mandell ("Mandell") submitted a motion to dismiss the indictment for violations of the Speedy Trial Act on June 15, 2011—five days before his trial is scheduled to begin.  Mandell's argument falls into three distinct time frames.  None of the arguments in support of the motion to dismiss is meritorious and, accordingly, the motion to dismiss is denied.

**I. <u>FACTS</u>**

       With respect to the three time frames, the facts are as follows:

       **A. <u>September 30, 2010 to December 16, 2010</u>**

       At the September 30, 2010 conference, the Court asked Mandell's attorney, Jeffrey Hoffman, how much time he wanted to complete discovery and review of discovery material.  Mr. Hoffman said he wanted 90 days because, "based on all the materials that we are looking at, that that would be a fair period of time for us to get it done and complete it."  (9/30/2010 Tr. 14).

       The Court then set the following schedule:

          Discovery to be completed by November 29, 2010.
          Defendants' motions to be made by January 10, 2011.
          Government's response to motions by January 24, 2011.
          Trial scheduled for March 7, 2011.

The Court set December 16, 2010 as the next conference date.  Accordingly, the Court excluded time:  Having asked for 90 days, and being given 60 days to complete discovery, Mr. Hoffman had no objection to the exclusion.  (Id. at 19).

**B.  December 2, 2010 to March 16, 2011**

On December 2, 2010, Mandell filed his Morrison motion to dismiss the Complaint, and he supplemented the motion on January 10, 2011.[1]  The Government responded on February 4, 2011, and Mandell filed a reply on February 7, 2011.  The Court heard argument on February 16, 2011, and decided the motion on March 16, 2011.

At the December 16, 2010 conference, all defendants were arraigned on the superseding indictment.  The Government observed that the pending motion (i.e., the December 2, 2010 motion to dismiss), excluded time under the Speedy Trial Act.  Mr. Hoffman did not object. (12/16/10 Tr. 10).

On February 25, 2011, codefendant Adam Harrington ("Harrington") filed a supplemental motion to sever.  This motion supplemented his motion of January 10, 2011 to dismiss on Morrison grounds.  The Government responded on March 3, 2011.  The Court denied the motion for severance on March 16, 2011.

**C.  March 16, 2011 to June 15, 2011**

The Government filed motions in limine on March 16 and 17, 2011.  Mandell responded to the motion on May 31, 2011.  While the March 17, 2011 motion has been discussed, it has yet to be decided.  The Court decided the March 16, 2011 in limine motion on June 15, 2011, along with all other in limine motions.

---

[1] After Mandell filed his motion, the Government filed a superseding indictment, which added mail and wire fraud counts to the Complaint.

At a pretrial conference on March 21, 2011, the parties discussed the trial date.  Mr. Harrington's counsel, Michael Bachner, was scheduled for trial before Judge Joseph F. Bianco in the Eastern District of New York as of May 9, 2011.  That trial could not slip because Judge Bianco had another multi-defendant trial scheduled for mid-June.  At issue was whether the trial in this case, scheduled for 4 to 5 weeks, could occur between April 11 and May 9, 2011.  When the Court decided that it could not, it rescheduled the trial for June 20, 2011.

On April 19, 2011, Hoffman made an ex parte motion.  The Court had a hearing on the motion on April 28, 2011; and it directed Hoffman and Mandell to file additional materials.  Those papers were filed on May 3, 2011.  The Court decided the motion on May 9, 2011.  Mandell immediately moved for "clarification" (really reconsideration) on May 9, 2011 and that application was denied on May 12, 2011.

Finally, Mandell's most recent motion to dismiss for speedy trial grounds, filed on June 15, 2011, stopped the speedy trial clock.

## II.  LEGAL ANALYSIS OF THE THREE TIME FRAMES

### A.  September 30, 2010 to December 16, 2010

Mandell requested a 90-day extension to complete his review of discovery and prepare his motion.  The Court cut off discovery after 60 days, but gave 100 days in which to make motions.  The Court properly excluded time, 18 U.S.C. § 3161(h)(7)(A), and Mandell did not object.  This portion of the motion is denied.

With respect to the time between December 7, 2010 and January 10, 2011, Mandell maintains that his December 2, 2010 motion was not under consideration.  When Mandell filed his December 2, 2010 motion, he sought expedited consideration, which the Court promptly denied.  The Court adhered to the motion schedule it had previously promulgated.  The

defendant was attempting to alter a Court imposed schedule for his own convenience.  Indeed, he is now attempting to use the Speedy Trial Act as a cudgel to bash the Government into compliance with his own schedule.  The Court will adhere to the teaching of <u>United States v. Tinklenberg</u>: The filing of a motion automatically stops the pretrial clock until the motion is decided. 131 S. Ct. 2007, 2012 (2011)

### B. <u>December 2, 2010 to March 16, 2011</u>

There can be no dispute that the time from the filing of the motion to the issuing of the decision is excluded.  18 U.S.C. § 3161(h)(1)(H); <u>Tinklenberg</u>, 131 S. Ct. at 2012.

### C. <u>March 16, 2011 to June 15, 2011</u>

The Government's motions <u>in limine</u> of March 16 and 17, 2011 stopped the pretrial clock until they were resolved on June 15, 2011.  There is no basis for Mandell's argument that <u>in limine</u> motions do not count against the speedy trial count.

Mandell makes much of the slippage in the trial schedule from March to April, because the April trial date conflicted with Mr. Bachner's engagements in the Eastern District of New York.  After a lengthy discussion about the Court's ten-day travel plans, Mr. Bachner's anticipated scheduling conflict, and the defendants' discovery needs, however, the Court made specific findings at the February 16, 2011 conference, excluding time through April 11, 2011 "to facilitate the Court's resolution of the matters pending before it . . . [and] to permit the parties to have orderly preparation for trial." (2/16/11 Tr. 3945); <u>see</u> <u>Foran v. Metz</u>, 463 F. Supp. 1088, 1098 (S.D.N.Y. 1979) (recognizing that reasonable vacation time for counsel is a valid exclusion under the Speedy Trial Act); <u>see also</u> <u>United States v. Trotman</u>, 406 Fed. Appx. 799, 806 (4th Cir. 2011).  Mr. Hoffman withdrew his objection to exclusion.  (2/16/11 Tr. 44).

4

Then, at the March 21, 2011 conference, having denied Harrington's motion to sever and recognizing Harrington's right to continuity of counsel, 18 U.S.C. § 3161(h)(7)(B)(iv), the Court excluded time from April 11, 2011 to June 20, 2011, to allow Mr. Bachner to discharge his responsibilities before Judge Bianco.[2]  The transcript reflects that the Court excluded time after discussing Mr. Bachner's scheduling conflicts, in light of an email received by the Court from Judge Bianco asking to accommodate the Eastern District trial.  (3/21/11 Tr. 2-4, 15-16); see United States v. Breen, 243 F.3d 591, 597 (2d Cir. 2001) (holding that "failure to utter the magic words 'ends-of-justice' at the time of ordering the continuance is not necessarily fatal" so long as the district court makes contemporaneous findings on the record).  Since codefendants share one speedy trial clock, time properly excluded as to Harrington is excluded as to Mandell.  See United States v. Piteo, 726 F.2d 50, 52 (2d Cir. 1983).

Regarding the ex parte motion, Mandell suggests in a footnote at page 10 of the Memorandum in Support that "time under consideration may be excluded."  That, of course, is wrong.  All time from the ex parte motion's filing on April 19, 2011 to its determination on May 9, 2011, and from the clarification motion's filing on May 9, 2010 to its determination on May 12, 2011—a total of 23 days—is automatically excluded.

The time between March 16, 2011 and June 15, 2011, therefore, is excludable under the Speedy Trial Act.  Further, all time from June 15, 2011 to the date of this decision is excludable.

---

[2] The Court considered the suggestion that Harrington retain new CJA counsel; but that would not eliminate any delay.  All defendants had repeatedly sought adjournments in light of the complex nature of this case and the voluminous documentary record.  Substituting counsel for Mr. Bachner on the eve of trial would not advance the trial schedule, but only delay it further.  See 18 U.S.C. § 3161(h)(6).  The suggestion that new counsel could be quickly brought up to speed is contradicted by the record.

## III. **CONCLUSION**

Since all of the time between September 30, 2010 and today's date was properly

excluded, the Court DENIES Mandell's motion to dismiss the indictment under the Speedy Trial

Act.

Dated:  New York, New York
        June 21, 2011

                                SO ORDERED

                                _____
                                PAUL A. CROTTY
                                United States District Judge

6