UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA                    09 Cr. 662 (PAC)

    -against-                           **NOTICE OF MOTION**

ROSS MANDELL, *et al.*,

    Defendants.

-------------------------------------------------------x

PLEASE TAKE NOTICE, that upon the annexed affirmation of Jeffrey C. Hoffman, Esq., sworn to the 17th day of August, 2011, Hoffman & Pollok, LLP will move this Court before the Hon. Paul A. Crotty, United States District Judge for the Southern District of New York, located at 500 Pearl Street, New York, New York, at a date and time to be fixed by the Court for an Order relieving the Hoffman & Pollok, LLP as counsel in this matters, and for such other and further relief as this court deems just and proper.

Dated: New York, New York
       August 17, 2011

                                        Respectfully Submitted,

                                        **HOFFMAN & POLLOK LLP**

                                        By: /s/ Susan C. Wolfe
                                            Susan C. Wolfe, Esq.
                                            Hoffman & Pollok, LLP
                                            260 Madison Avenue
                                            New York, New York 10016
                                            T. (212) 679-2900
                                            F. (212) 679-1844
                                            scwolfe@hpplegal.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | |
|---|---|
| UNITED STATES OF AMERICA | 09 Cr. 662 (PAC) |
| -against- | **AFFIRMATION** |
| ROSS MANDELL, *et al.*, | |
| Defendants. | |

------------------------------------------------------------x

**JEFFREY C. HOFFMAN,** an attorney duly admitted to practice law before this Court, affirms as follows:

1. I am a member of the firm of Hoffman & Pollok LLP, attorneys for the defendant ROSS MANDELL. I make this affirmation in support of my firm's motion to be relieved as counsel for Mr. Mandell. As we previously demonstrated to the Court, Mr. Mandell can no longer afford retained counsel and our continued representation of him is an undue financial hardship to our law firm.

2. We indicated to the Court in a motion to withdraw prior to the trial, even before the government's production of 3500 material and identification of government witnesses, that the firm had expended approximately $50,000 in billable hours and expenses above what we had been paid, and that Mr. Mandell could not afford to pay a reasonable trial fee. The Court denied our application in light of the fact that it was made too close in time to the start of the trial and, additionally, because his parents were willing to pay a trial fee, albeit one that we considered far from adequate given the nature of the case.

3. We have complied with our obligations to the client and to the Court, to our substantial financial detriment. Since the time of our previous motion withdraw, we

1

have expended approximately $415,000 in billable hours, as against a trial fee of *less than one-quarter of that*. As a result, and because the sentencing proceedings in this case are likely to be extensive, we request that the Court grant our motion to be relieved as Mr. Mandell's counsel at this time, before preparation for sentencing commences.

4. We are a small firm of three partners and two associates. In order to represent Mr. Mandell adequately (and well, we submit) and at the same time meet our firm's financial obligations, we have had to increase our workloads and work harder than ever to manage our responsibilities to all of our clients.

5. We respectfully submit that allowing us to withdraw at this time is not only fair and just, but it will also serve the interests of justice; both Mr. Mandell's interests and the interests of judicial economy will be served by appointing new counsel now, for sentencing, who can also handle the appeal with the least amount of delay attributable to the learning curve. Indeed, substitute counsel can prepare for the sentencing proceeding with an eye toward the issues to be raised on appeal (rather than having appellate counsel start from scratch).

6. We make this motion now, well before sentencing, mindful of the Court's denial of our prior motion because it was made too close in time to the start of the trial. There is plenty of time remaining before sentencing (Mr. Mandell has not yet been contacted for his PSI interview). In addition, with respect to the Rule 29/33 motions that are due on August 26, 2011, we would agree to remain as counsel solely for that purpose in order to avoid delay and to relieve new counsel of the burden of reviewing the trial record in a short period of time.

7.  For all of these reasons, we respectfully move to be relieved as counsel.

Dated: New York, New York
      August 17, 2011

/s/ JEFFREY C. HOFFMAN