USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 1, 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                         :

UNITED STATES OF AMERICA               :

                                                         :        S1: 09 Cr. 662 (PAC)

    - against -                                      :

                                                         :        ORDER

ROSS MANDELL, et al.,                    :

                                                         :

               Defendants.                 :
------------------------------------------------------------------x

Honorable Paul A. Crotty, United States District Judge:

On April 4, 2012, defendant Ross Mandell moved "to renew and re-open his pretrial motions (1) to suppress evidence seized pursuant to search warrants executed on or about November 6, 2006 . . . at the offices of Sky Capital Enterprises, Sky Capital LLC and Sky Capital Holdings, located at 110 Wall St . . .; and (2) for a Franks hearing, pursuant to Franks v. Delaware, 438 U.S. 154 (1978)." (Jeffrey C. Hoffman Affirmation of 4/4/2002 ¶ 1)." Mandell's pretrial motion to suppress and for a Franks hearing were denied on April 30, 2010; and his Motion for Reconsideration was denied on May 20, 2010. Subsequently, Mandell was tried and convicted of conspiracy to violate the securities law and for three substantive counts of securities, wire and mail fraud. He is currently awaiting sentence on May 3, 2012.

Mandell's 2010 suppression motion asserted that the FBI Agent, whose affidavit served as the basis for the search warrant, omitted material information in reckless disregard for the truth. Accordingly, Mandell sought suppression of the materials seized during the searches and, at the very least, a Franks hearing. The FBI Agent's affidavit in support of the search warrant relied on a statement by Christopher Tappin, who said he was an investor defrauded by Mandell. Mandell argues that because Tappin was the only allegedly defrauded investor, his assertions were particularly important in determining probable cause. Tappin, however, was highly

suspect.  Mandell argued that the FBI Agent ignored an opinion by a New York State Supreme Court Judge which cast doubt on Tappin's claims and his credibility.

Mandell's motion was denied for numerous reasons, both legal and factual.  With respect to Tappin, the Court found that the comments by the Judge were dicta and quite apart from Tappin's statements there was an overwhelming amount of other information in support of the search warrant.  Further, Mandell did not claim that the affidavit in support of the search warrant was wrong, only that it omitted certain facts.

Mandell's April 4, 2012 application asserts that Tappin was involved in illegal arms trading which the Government knew of "on or about August 28, 2006."  Tappin dealt with an undercover ICE agent concerning Hawk Missile batteries again in October, 2006.  The FBI Agent's affidavit in support of the search warrant is dated November 2, 2006, a date when the Agent spoke with Tappin concerning Mandell.

Mandell submits that the FBI Agent should have inquired whether "Tappin was the target of a federal criminal investigation for criminal activities at the very time his information was being used in support of the search warrant on this matter." (Hoffman Affirmation, 04/04/12, ¶ 11).  Mandell continues that the Government should have disclosed the information to the Court at the time it was considering the suppression motion.  Further, it is "inconceivable that the Magistrate would not have viewed the uncorroborated claims of Tappin, the target of a serious criminal investigation concerning the sale of illegal weapons, in a different manner had such information been available to him." (Id. at ¶¶ 14, 15).  No hearing is warranted on these allegations.

There are several problems with Mandell's current request.  First, there were two search warrants issued.  The first warrant was issued in August, 2006.  The FBI Agent's affidavit was

based on recorded conversations between Figueroa and a Sky Capital broker named Philip Akel. Figueroa had been convicted of securities fraud and was cooperating with the Government. A Magistrate Judge issued a warrant on August 24, 2006. Before the warrant was executed, however, Akel started to cooperate; and the Government decided not to execute the first warrant. On November 2, 2006, the FBI Agent submitted a second affidavit to a different Magistrate Judge, who issued a second search warrant.

This affirmation contained all that was in the previous affirmation, plus statements by Akel, a number of consensually recorded conversations, as well as additional information obtained by two undercover FBI Agents. The second affidavit also referred to Akel's dealings with Tappin.

Since the first search warrant was properly issued, and called for the same seizures as the second search warrant, it is not possible to say the second warrant would not have been issued and the search would not have been conducted, but for the addition of Tappin's allegations. Further, the FBI Agent, who submitted the affidavits in support of the 2006 search warrants, submitted an affidavit on May 1, 2012 attesting to the fact that at the time of the search warrants, he had no knowledge that Tappin, who was an investor in Thornwater, was the subject of a criminal investigation by a federal law enforcement agency other than the FBI. The FBI Agent did not conduct an inter-agency check in 2006. On April 27, 2012, the FBI Agent conducted a search of the FBI database for Christopher Tappin and learned that there were no records on the FBI database as of 2006 reflecting ICE's investigation of Tappin. The FBI played no role in ICE's investigation. Finally, and wholly apart from Tappin, the information in the November, 2006 affidavit was more than sufficient to support the finding of probable cause.

The application to reconsider the Court's ruling of April 30, 2010 and May 20, 2010 concerning the suppression of material seized in 2006 is DENIED; the request for a <u>Franks</u> hearing is DENIED, as well.

Dated: New York, New York
       May 1, 2012

SO ORDERED

*[signature]*

PAUL A. CROTTY
United States District Judge
