USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-11-19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

ROSS MANDELL,

                   *Petitioner*,

    -against-

UNITED STATES OF AMERICA,

                   *Respondent*.

-------------------------------------------------------------X

16 Civ. 1186 (PAC)

09 Cr. 662 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

*Pro se* petitioner Ross Mandell was convicted by a jury on counts of securities, mail, and wire fraud in 2012, and sentenced to 144 months. His conviction and sentence were affirmed. This Court denied his 28 U.S.C. § 2255 petition, and his appeal of the denial was dismissed. Mandell then brought a Fed. R. Civ. P. 60(b) petition which raised many of the same arguments the Court had previously rejected. The Court rejected these arguments on February 7, 2019. Mandell did not file a notice of appeal within 30 days. Mandell now seeks to extend his time to appeal to the Second Circuit pursuant to Fed. R. App. P. 4(a)(5), claiming that he did not receive the denial of his Rule 60(b) motion until April 2, 2019.

Fed. R. App. P. 4(a)(5) provides that a district court may extend the time to file a notice of appeal if "a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires" and "shows excusable neglect or good cause." A more stringent test, however, governs Rule 60(b) petitions; "were this not so, the binding time constraints imposed by Rule 4(a)(5) would be completely eroded by the open-ended relief offered by Rule 60(b)." *Mennen Co. v. Gillette Co.*, 719 F.2d 568, 570 n.5 (2d Cir. 1983); *see also Orshan v. Macchiarola*, 105 F.R.D.

534, 538 (E.D.N.Y. 1985) ("[W]ere Rule 77(d) [regarding clerk notice] drafted differently, Rule 60(b) could well play havoc on Rule 4(a) (and the finality of judgments) by making its appellate time constraints too easily relaxed.").

It was Mandell's duty as the petitioner "to monitor the docket and determine when the district court has filed an order to which he wishes to object." *Porter ex rel. R.B. v. City of New York*, 380 F. App'x 73, 74 (2d Cir. 2010). While the Court is mindful of the fact that Mandell is incarcerated and proceeding *pro se*, Mandell has not come close to making a showing that "he made diligent but unsuccessful efforts to determine the status of the case." *Id.* A statement that he was not notified of the judgment is insufficient. *See Mizell v. Attorney Gen. of State of N.Y.*, 586 F.2d 942, 945 n.2 (2d Cir. 1978).

Mandell's motion for extension of time to file a notice of appeal is DENIED. The Clerk of Court is directed to terminate the motion at Dkt. 351.

Dated: New York, New York
April //, 2019

SO ORDERED

/s/ Paul Crotty
PAUL A. CROTTY
United States District Judge

Copy mailed to:
Ross H. Mandell
Inmate # 62490-054
Federal Prison Camp
P.O. Box 779800
Miami, FL 33177