UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES OF AMERICA

-against-

ROSS H. MANDELL,

Defendant.

| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED:  5/26/2026 |

09 Cr. 662-1 (AT)

**ORDER**

ANALISA TORRES, District Judge:

In 2012, after a jury found him guilty of conspiracy and substantive counts of securities fraud, wire fraud, and mail fraud, Defendant Ross H. Mandell was sentenced to 144 months' imprisonment and a three-year term of supervised release. *See* ECF No. 151 (verdict form); Am. Judgment at 1–2, ECF No. 275. Mandell moves pursuant to 18 U.S.C. § 3583(e)(1) for an early termination of supervised release, which began on January 10, 2024. *See* Mot. at 1, ECF No. 375; *see also* Reply, ECF No. 383. The Government and Probation oppose the request. *See* Opp., ECF No. 381; ECF No. 384. For the reasons stated below, Mandell's request is DENIED.

I.    Legal Standard

Under 18 U.S.C. § 3583(e)(1), a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." Subsection 3583(e)(2) "requires the [C]ourt, as it decides whether or how to modify the conditions of supervised release, to consider many of the same factors that it is required to consider in originally imposing a sentence upon a convicted defendant." *United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 1997). The relevant factors include the nature and circumstances of the offense, the defendant's history and characteristics, and the various objectives of sentencing, including the need to protect the public from further crimes of the defendant and to deter future criminal activity. *See id.* "Early termination is not 'warranted as a matter of course,' and decisions regarding termination of supervised release are within the discretion of the district court." *United States v. Fernandez*, No. 10 Cr. 905, 2025 WL 3687434, at *1 (S.D.N.Y. Dec. 19, 2025) (quoting *United States v. Bastien*, 111 F. Supp. 3d 315, 321 (E.D.N.Y. 2015)).

II.    Analysis

Mandell, who has completed over two years of his term of supervised release, argues that early termination is warranted because he has been a "model citizen, good father and exceptional participant in the supervised release program." Mot. at 3. Mandell "takes full responsibility for his actions" and contends he has been "appropriately punished and successfully rehabilitated." *Id.* at 5. Mandell also seeks early termination, in part, because of certain medical conditions, *see* Mot. at 3–4. Likewise, Mandell contends that early termination is warranted because he is on the "cusp of becoming a social media influencer," and the "ability to freely travel on short notice and without concern of his request being rejected[] is instrumental for him." Mot. at 4.

The Court does not find that early termination of supervised release is warranted. Most significantly, Mandell continues to owe restitution, which counsels in favor of continued supervision. *See* 18 U.S.C. § 3583(c) (citing § 3553(a)(7) as a factor to consider when determining whether to terminate supervised release); *id.* § 3553(a)(7) (noting "the need to provide restitution to any victims of the offense" as a fact to consider when imposing a sentence). Mandell does not claim he has paid restitution, only that the Court did not timely enter restitution within 90 days of sentencing. *See* Mot. at 4–5. But the 90-day statutory timeline to order restitution does not deprive courts of jurisdiction to order restitution after the deadline has passed. *See Dolan v. United States*, 560 U.S. 605, 611 (2010). In this case, the Court entered an order of restitution in September 2012 in a total amount of $24,880,460. *See* ECF No. 239.

Although the Court considers that Mandell appears to have generally demonstrated compliance with his terms of supervised release, this is insufficient. "Full compliance with the terms is what is expected of a person . . . and does not [alone] warrant early termination." *Bastien*, 111 F. Supp. 3d at 321 (citation omitted).

Finally, although the Court does not doubt that seeking approval from one's probation officer to travel is inconvenient, Mandell has not sufficiently shown that his supervision is preventing him from pursuing legitimate business opportunities as a social media influencer. *See* Opp. at 4. If there are conditions impeding Mandell's ability to progress professionally, Mandell may seek tailored modifications to the terms of supervision. As to his medical concerns, Mandell "provides no explanation for why the terms of his supervised release would prevent him from obtaining necessary medical treatment, or why his probation officer would otherwise stand in the way of him attending necessary medical appointments, taking necessary medications, or obtaining surgery or treatment he may need." Opp. at 3.

In consideration of the applicable § 3553(a) factors, Mandell's motion is DENIED without prejudice to renewal or future requests to modify terms of his supervision. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 375.

SO ORDERED.

Dated: May 26, 2026
New York, New York

_____
ANALISA TORRES
United States District Judge

2